UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN MANSOUR,<br><br>            Plaintiffs,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No.: 20-CV-1827-WVG<br><br>**ORDER ON JOINT MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE QUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d))** |

On February 17, 2022, the Parties filed a Joint Stipulated for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("Joint Motion"). (Doc. No. 16.) The Parties move the Court to approve an attorney fee award of $4,000.00 to Plaintiff's counsel for "compensation for all legal services rendered… in connection with this civil action…" (*Id.*, 1:22-24.) For the reasons below, the Court GRANTS the Parties' Joint Motion, subject to any offset allowed under the United States Department of the Treasury's Offset Program, as agreed upon by the Parties. The Court elaborates.

Under the Equal Access to Justice Act ("the Act"), a prevailing party may seek attorney's fees from the Commissioner of Social Security within 30 days of the entry of final judgment. *See* 28 U.S.C. § 2412(d). "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296

F.3d 852, 854 (9th Cir. 2002). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Id*. Federal Rule of Appellate Procedure 4(a)(1)(B) sets a 60-day deadline to file an appeal in cases where the United States is a party. Fed. R. App. P. 4(a)(1)(B).

The amount of fees awarded are based upon prevailing market rates for the kind and quality of the services provided. 28 U.S.C. § 2412(d)(2)(A). The hourly rate may not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit's 2020 statutory maximum hourly rate under the EAJA, adjusted for increases in the cost of living, was $207.78; the 2021 rate was $217.54. "Statutory Maximum Rates Under the Equal Access to Justice Act," https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last accessed February 23, 2022) (citing 28 U.S.C. § 2412 (d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6).

Here, judgment was entered in favor of Plaintiff on November 12, 2021 pursuant to sentence four of 42 U.S.C. section 405(g). (Doc. No. 15.) Because the time to file an appeal has since expired, there is final judgment and the Parties' Joint Motion is timely filed. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 608 (9th Cir. 2007) ("a successful disability applicant may file for attorneys' fees 30 days after the 60–day appeal period provided for in Rule 4(a) has run, regardless of the specific form of the court's judgment, or the particular nature of the government's non-opposition to or acquiescence in an award of benefits."). Further, given that Plaintiff's counsel performed 20.8 hours of work on this case, 3.3 hours of which were performed in 2020 under the hourly rate of $207.78, and the remaining 17.5 hours which were performed in 2021 under the hourly rate of $217.54, the Court finds the requested fee award is reasonable and fair. Accordingly, the Court GRANTS the Parties' Joint Motion and awards Plaintiff attorney's fees in the amount of $4,000.00, subject to

any offset allowed under the United States Department of the Treasury's Offset Program, as agreed upon by the Parties and memorialized in their Joint Motion.

**IT IS SO ORDERED.**

Dated: February 23, 2022

Hon. William V. Gallo
United States Magistrate Judge