

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VIVIAN M.,[1]

Plaintiff,

v.

FRANK J. BISIGNANO, Commissioner of the Social Security Administration,[2]

Defendant.

Case No.: 20-cv-1827-SBC

**ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) [Dkt. No. 18]**

Plaintiff's counsel, Martha Yancey of Yancey Law, PC, filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b), in which counsel requests an order granting attorney's fees in the amount of $42,104.75. (Dkt. No. 18.) Defendant responded to the motion, stating that the Commissioner "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (Dkt. No. 20.) For the reasons stated below, the motion is **GRANTED**.

---

[1] The Court refers to Plaintiff using only her name and last initial pursuant to the Court's Civil Local Rules. *See* CivLR 7.1(e)(6)(b).

[2] Frank J. Bisignano is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

## I.   BACKGROUND

On September 16, 2020, Plaintiff initiated this action against Defendant Commissioner of Social Security for judicial review under 42 U.S.C. § 405(g) of a final adverse decision for social security disability benefits. (Dkt. No. 1.) On September 21, 2020, the parties consented to Magistrate Judge jurisdiction over the case. (Dkt. No. 4.) On November 12, 2021, the Honorable William V. Gallo granted the parties' joint motion for remand and entry of judgment in favor of Plaintiff and remanded this case for further administrative proceedings. (Dkt. Nos. 14-15.) The Court also granted the parties' joint motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,000.00. (Dkt. No. 17.)

On September 5, 2025, Plaintiff's counsel filed the motion presently before the Court. (Dkt. No. 18.) According to the motion, the Administrative Law Judge ("ALJ"), on remand, issued a favorable decision and found Plaintiff disabled. (*See* Dkt. Nos. 18 at 3, 18-1 at 1.) The Social Security Administration ("SSA") sent a letter dated August 23, 2025, entitled "Important Information," which informed Ms. Yancey that 25% of Plaintiff's past-due benefits, $42,104.75, is being withheld by the SSA for the payment of attorney's fees. (Dkt. No. 18-1 at 1). Plaintiff's counsel presently seeks this full amount, $42,104.75, pursuant to a representation agreement dated September 10, 2020, in which Plaintiff agreed to pay counsel "twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won." (Dkt. No. 18-2 at 1.) This matter was reassigned to the undersigned on December 30, 2025. (Dkt. No. 21.)

## II.   LEGAL STANDARD

Under 42 U.S.C. § 406(b), a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as attorney's fees for representation in court proceedings. 42 U.S.C. § 406(b)(1)(A). "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

20-cv-1827-SBC

*Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)) (internal citation omitted). Under this framework, the court does not start with a lodestar calculation; rather, the court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1151. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.*

An attorney's fee award under § 406(b) is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802. Attorneys are permitted to seek recovery under both the EAJA and § 406(b), and to keep the larger fee, but must refund the smaller fee to the claimant. *Id.* at 796; *Parrish v. Comm'r Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

### III.   DISCUSSION

The contingency fee agreement between Plaintiff and her counsel, Martha Yancey, Esq., provides that Plaintiff's counsel was to be paid an amount equal to twenty-five percent (25%) of past-due benefits awarded to Plaintiff. (Dkt. No. 18-2.) As such, the contingency fee agreement is within the statutory ceiling. *See* 42 U.S.C. § 406(b)(1)(A). On remand, the Commissioner awarded Plaintiff $168,419.00 in past-due benefits.[3] (Dkt. No. 18-1). Twenty-five percent of that amount is $42,104.75. Plaintiff's counsel seeks an attorney's fee award of $42,104.75, exactly twenty-five percent of the past-due benefits awarded to Plaintiff.

Applying the first two *Crawford* factors, nothing in this case suggests that Plaintiff's counsel rendered substandard representation or delayed this litigation. *See Crawford*, 586

---

[3] Plaintiff has not received a "Notice of Award" from the SSA. (Dkt. No. 18 at 3 n.1) The award amount of $168,419.00 is calculated based on the $42,104.75 withheld for attorney's fees by the SSA, which represents 25 percent of the total past-due benefits due. (Dkt. No. 18-1)

20-cv-1827-SBC

F.3d at 1151. Plaintiff's counsel timely and efficiently litigated this case, achieved remand for her client, and secured a favorable decision on remand. Plaintiff's counsel's representation resulted in a sizeable award of past-due benefits to Plaintiff. (*See* Dkt. No. 18-1.)

Next, the Court considers the third *Crawford* factor, whether the requested fees are excessively large in relation to the benefits achieved. *See Crawford*, 586 F.3d at 1151-52. Plaintiff's counsel performed 20.8 hours of work on this case while representing Plaintiff through the entry of the order of remand. (Dkt. No. 18-4.) Dividing the requested fees by the number of hours expended results in an effective hourly rate of $2,024.26, which may appear high. However, this rate falls within the range of hourly rates awarded in other Social Security cases. *See, e.g.*, *Mario V. v. Bisignano*, Case No.: 3:22-cv-0004-AGS, 2025 WL 1677776, at *1 (S.D. Cal. June 12, 2025) (approving an effective hourly rate of $2,535.21); *Theresa Y. v. O'Malley*, Case No.: 21-cv-0814-AGS, 2025 WL 1265863, at *1 (S.D. Cal. May 1, 2025) (approving an effective hourly rate of $2,050.28); *Linda S.F. v. O'Malley*, Case No.: 5:20-cv-01342-JC, 2024 WL 4472356, at *3-4 (C.D. Cal. Feb. 29, 2024) (approving an award of $2,000.00 per hour after adjusting downward from an effective hourly rate of $2,578.89); *Reddick v. Berryhill*, Case No.: 16-cv-29-BTM-BLM, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (approving an effective hourly rate of $1,990.74); *Truett v. Berryhill*, Case No.: 13-CV-2742 W (BLM), 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (finding hourly rate of $1,788.62 in 2017 did not require downward adjustment).

Furthermore, in taking this case on a contingency basis, Plaintiff's counsel assumed a substantial risk of nonpayment. "[C]ourts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss . . . . Courts are loathe to penalize experienced counsel for efficient representation under contingency agreements, particularly in the social security context." *Ayersman v. Berryhill*, Case No.: 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 2021) (citation

omitted). Thus, in light of these factors and circumstances, the Court finds that the requested fee is reasonable, and a downward adjustment is not warranted. Therefore, the Court concludes that Plaintiff's counsel's attorney's fees request of $42,104.75 is reasonable.

Having approved of the fees, an adjustment must be made in light of the Court's prior award under the EAJA in the amount of $4,000.00. "[I]n order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Parrish*, 698 F.3d at 1218. Thus, as Plaintiff's counsel has also acknowledged, the previous amount recovered under the EAJA must be reimbursed to Plaintiff. (Dkt. No. 18 at 5.)

## IV.   CONCLUSION

Accordingly, after due consideration and for the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b). The Court approves the requested fees in the amount of $42,104.75, to be paid out of Plaintiff's past-due benefits in accordance with the Social Security Administration's policy. The Court further **ORDERS** Plaintiff's counsel to refund the $4,000.00 to Plaintiff that she previously received under the EAJA.

**IT IS SO ORDERED.**

Dated:  February 6, 2026

Hon. Steve B. Chu
United States Magistrate Judge

20-cv-1827-SBC